

# Fourth Court of Appeals
## San Antonio, Texas

### CONCURRING OPINION

No. 04-13-00788-CR

The **STATE** of Texas,
Appellant

v.

Cynthia **AMBROSE**,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR10002
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice
Concurring Opinion by: Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  January 7, 2015

Based on the standard of review regarding egregious harm, I must concur with the majority. However, I write separately to express my concern about the effect of the standard on the trial court's authority to grant a new trial in a case such as this.

The evidence in this case, even within a single witness's testimony, was contradictory. For example, the principal testified Ambrose admitted she told her students to strike A.N., and some students did, yet the principal later claimed there was reason to doubt Ramirez's report. He also admitted sending Ambrose back into the classroom without disciplinary action. The trial court heard this testimony, as well as other contradictory testimony and was in a far better position to

judge the impact on the jury and the case as a whole.  Nevertheless, because the egregious standard requires the evidence to be "exceedingly weak," "inherently unreliable," "unbelievable," or "so unconvincing" as to render the case for conviction "clearly and significantly less persuasive," before we can uphold the trial court's decision to grant a new trial, I fail to see how the trial court could ever grant a motion for new trial and have that ruling upheld on appeal.  *Casanova v. State*, 383 S.W.3d 530, 539 (Tex. Crim. App. 2012); *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1992).  I believe this standard of review completely usurps the trial court's authority when that court was in the best position to determine the effect of its decision not to *sua sponte* instruct the jury with regard to the accomplice-witness rule.  Accordingly, I concur.

Marialyn Barnard, Justice

Publish